WILLIAMS, J.
|, The defendant, Joshua Shipp, was charged by bill of information with one count of felony theft of $500 or more, a violation of LSA-R.S. 14:67. Pursuant to a plea agreement, the defendant pled guilty to the felony theft charge and the state agreed to dismiss other pending charges. The district court sentenced defendant to serve seven years at hard labor, with all but one year of his sentence suspended, and placed him on five years of supervised probation, subject to special conditions. The defendant appeals his sentence as excessive. For the following reasons, we affirm.
DISCUSSION
The record shows that in September 2010, the defendant cut a hole in the roof of his grandmother’s convertible automobile and stole jewelry and other property worth approximately $11,000. The victim told police she was keeping those items in her vehicle because the defendant had already taken other property from her house. The defendant was arrested and charged with felony theft, simple burglary, possession of stolen things and making harassing telephone calls. As a result of the plea bargain, defendant pled guilty to felony theft and the state agreed to dismiss the other pending charges. The defendant was sentenced to serve seven years at hard labor, with all but one year of his sentence suspended. In addition, the district court placed him on supervised probation for five years with special conditions requiring defendant to pay $11,500 in restitution to the victim and prohibiting him from any contact with the victim or her family. The defendant’s motion to reconsider sentence was denied and this appeal followed.
1 j>The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that a lesser sentence is appropriate considering his age and that he is a first-felony offender.
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 *807 (La.1983); State v. Dillard, 45,633 (La. App.2d Cir.11/3/10), 55 So.3d 56. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The penalty for felony theft of $500 or more was imprisonment, with or without hard labor, for not more than ten years or a fine of up to $3,000, or both. LSA-R.S. 14:67(B).
13Prior to imposing sentence, the district court reviewed a presentence investigation report, which included the facts of the offense and a victim’s impact statement. Specifically, the trial court stated that although the conviction was defendant’s first felony offense, the 19-year-old did have a juvenile criminal history. The court found that the offense caused a significant economic loss to the victim and that a term of imprisonment was necessary to impress upon defendant the seriousness of his conduct.
Regarding the defendant’s personal history, the court was aware of defendant’s age, that he had dropped out of high school, that he had been employed and that he was the father of a young child. However, the court pointed out that the defendant had victimized his grandmother after she gave him a place to stay. In addition, the sentence imposed was within the statutory range for the offense of conviction.
The record demonstrates that the district court was cognizant of the appropriate factors in determining the defendant’s sentence, which is neither grossly disproportionate to the severity of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.