GARRETT, J.
LF oil owing his conviction for possession of a Schedule II controlled dangerous substance (CDS), cocaine, in excess of 28 grams but less than 200 grams, the defendant, Anthony Mark Mandigo, was adjudicated a third felony offender and sentenced to 40 years at hard labor, with the first five years to be served without benefit of parole, probation or suspension of sentence. The trial court ordered that the sentence be served concurrently with two other sentences to be served by the defendant. The defendant appealed. Through counsel, he argues that his sentence is excessive. In a pro se brief, he asserts two additional assignments of error. We affirm the defendant’s conviction and sentence.
FACTS
On March 25, 2008, the defendant was arrested following a narcotics investigation conducted by the Shreveport Police Department and the Caddo Parish Sheriffs Office. A meeting was arranged at which the defendant was to sell 62 grams of crack cocaine to a confidential informant. After the defendant arrived at the meeting site, law enforcement officers moved in to apprehend him. When an officer ordered *294 the defendant out of his vehicle, the defendant attempted to run over him. Because he observed the defendant’s young daughter in the front seat of the car, the officer responded by shooting at one of the front tires instead of the interior of the vehicle. As he attempted to flee in his vehicle, the defendant threw a plastic bag out his window and toward a dumpster. However, the bag went over the dumpster and landed on the ground. It was recovered by law enforcement officers and subsequently determined to contain approximately 58 grams of crack cocaine. The defendant was forced to stop his vehicle and he was arrested. |2A search of the defendant’s residence revealed a large quantity of cocaine and materials required for the manufacture of crack cocaine.
The defendant was charged by bill of information with one count of possession of a Schedule II CDS, cocaine, in excess of 28 grams but less than 200 grams, in violation of La. R.S. 40:967(F)(l)(a); one count of possession of a Schedule II CDS, cocaine, in excess of 400 grams, in violation of La. R.S. 40:967(F)(l)(c); and one count of manufacture of a Schedule II CDS, crack cocaine, in violation of La. R.S. 40:967(A)(1).
The defendant was tried on the first count and convicted as charged following a bench trial in August 2008.[1] The state then filed a habitual offender bill charging the defendant as a fourth felony offender. The state asserted that the defendant had the following prior convictions: (1) a 1993 conviction for possession of Schedule II CDS with intent to distribute;[2] (2) a 1998 conviction for attempted possession of a firearm by a convicted felon; and (3) a 2005 conviction for aggravated flight from an officer, a crime of violence under La. R.S. 14:2(B).
|3Following a hearing held in October 2008, the trial court adjudicated the defendant as a fourth felony offender pursuant to former La. R.S. 15:529.1(A)(l)(c)(ii), which provided in 2008:
If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The trial court sentenced him to life imprisonment without benefit of parole, probation or suspension of sentence. In State v. Mandigo, 44,698 (La.App.2d Cir.9/30/09), 21 So.3d 1027, writs denied, 2009-2287, 2009-2366 (La.5/28/10), 36 *295 So.3d 244, 245, this court affirmed the defendant’s conviction and sentence.
Subsequently, the defendant filed an application for post-conviction relief (PCR), which was denied by the trial court. The defendant sought review by this court. We discovered that the minutes for the defendant’s 1993 conviction erroneously stated that the defendant pled guilty to possession of cocaine with intent to distribute. The transcript showed that the defendant actually pled guilty to a reduced charge of simple possession of cocaine. Possession of cocaine carried a maximum sentencing exposure of five years, not the 10 years required under La. R.S. 15:529.1(A)(l)(e)(ii) for a drug crime to be used as a predicate offense. As a result, this court found that the defendant was incorrectly adjudicated a fourth felony habitual offender and illegally sentenced to life imprisonment. We reversed the adjudication, vacated the life sentence, and remanded the matter to the |4trial court for resentencing. All other claims made by the defendant in his PCR application were denied. State v. Mandigo, 47,735 (La.App.2d Cir. 10/25/12), writ denied, 2012-2545 (La.11/15/13), 125 So.3d 1099.
On remand, the trial court adjudicated the defendant as a third felony offender. Relying upon State v. Baker, 40,997 (La.App.2d Cir.6/28/06), 935 So.2d 366, writ granted, 2006-2175 (La.5/11/07), 955 So.2d 1269, affirmed, 2006-2175 (La.10/16/07), 970 So.2d 948, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008),[3] the court concluded that it was precluded from considering both the 1993 possession of cocaine conviction and the 1998 conviction for attempted possession of a firearm by a convicted felon as the 1993 conviction was the predicate offense for the 1998 firearm charge.
| ¡¿Pursuant to the 2008 versions of La. R.S. 40:967(F)(l)(a)[4] and La. R.S. *296 15:529.1(A)(l)(b)(i),[5] the defendant faced a sentencing range of 20 to 60 years as a third felony offender. The trial court sentenced him to 40 years at hard labor with the first five years to be served without benefit of parole, probation or suspension of sentence. The court ordered that the sentence be concurrent with the 30-year sentences imposed upon the defendant for his two other drug convictions.
The defendant filed a pro se motion to reconsider. Among other things, he complained that the trial court failed to consider the sentencing | guidelines in La. C. Cr. P. art. 894.1. He argued that there were no aggravating factors articulated to justify the sentence and that the court failed to consider unspecified mitigating circumstances. The motion was denied.
The defendant appealed.
EXCESSIVE SENTENCE
Defense counsel argued in brief that the defendant’s sentence was constitutionally excessive.

Law

A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Shipp, 46,715 (La. App.2d Cir.11/2/11), 78 So.3d 805. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 2010-2853 (La.11/18/11), 75 So.3d 454.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A trial court has wide discretion to sentence 17within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Shipp, supra.

*297
Discussion

The defendant argues that a sentence of 40 years is excessive because he has a history of drug abuse and his crimes were nonviolent and related to drugs. He also contends that he “is not an old man and could- one day become a productive member of society.”
In support of this argument, defense counsel cites State v. Cole, 2012-1404 (La.App. 3d Cir.4/24/13), — So.3d-, 2013 WL 1986380. In that case, a fourth felony offender facing a sentence of 99 years to life was sentenced to only 10 years.[6] That defendant was a three-time check forger who, armed with a paring knife, committed a “spur of the moment” armed robbery in which he attempted to minimize the risk of harm to the victim by locking him in a bathroom. The supreme court found no error in the trial court’s conclusion that the 50-year-old defendant had put forth clear and convincing evidence justifying a downward departure from the maximum sentence under the Habitual Offender Law.[7] However, the supreme court noted that the sentencing judge was not free to impose whatever sentence he felt appropriate. Because the sentencing court failed to articulate specific ^reasons as to why the mandatory minimum habitual offender sentence of 20 years was not appropriate, the court reversed the sentence and remanded the case.
The defendant in the case before us is a drug dealer with a lengthy criminal history. His past offenses include a crime of violence, i.e., a 2005 conviction for aggravated flight from an officer. Additionally, when facing arrest for the charges in the instant matter, the defendant accelerated his vehicle at a law enforcement officer who ordered him out of his car. The defendant’s 11-year-old daughter — who had been taken to the drug transaction by her father — was a passenger in the front seat of the vehicle. At the time of the instant offense in 2008, the defendant was a 33-year-old convicted felon, not a youthful first-time offender whose age could be considered a mitigating factor.
Before imposing sentence, the trial court expressed concern over the defendant’s criminal history and his persistent involvement in the drug trade. Accordingly, he found that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the defendant’s crime.
After a careful review of the record, we find that the trial court did not abuse its discretion in imposing a midrange sentence of 40 years upon this defendant, a career drug dealer who recklessly endangered law enforcement and his own child in the course of his most recent criminal episode.
This assignment of error is meritless.
PRO SE ASSIGNMENTS OF ERROR
| 9The defendant filed a supplemental pro se brief in which he asserted that his sentence was illegal because it was doubly enhanced and that the trial court failed to *298 advise him of his right of self-representation.

Double Enhancement

The defendant contends that his sentence as a third felony offender involved an improper double enhancement. Specifically, he argues that his 1998 conviction for attempted possession of a firearm by a convicted felon has a built-in enhancement and should not have been used as an element to enhance his sentence under the Habitual Offender Law, itself an enhancement statute.
We have reviewed the transcript of the defendant’s adjudication as a third felony offender following remand from this court. The state contended that the defendant should be adjudicated a fourth felony offender. The trial court was fully aware of the perils of double enhancement as discussed in State v. Baker, supra, and rejected the state’s argument. It ruled that it did not believe that it could count both the 1993 possession of cocaine and the subsequent 1998 conviction for attempted possession of a firearm by a convicted felon, which used the 1993 conviction as a predicate.
We find no error in the trial court’s adjudication of the defendant as a third felony offender and we find that the defendant has not articulated any prejudice arising from the actions taken by the trial court. Accordingly, this assignment of error is meritless.

11¿Right of Self-representation

The defendant claims that the trial court had an obligation to inform him of his right to represent himself. However, he fails to cite any authority establishing such an affirmative duty on the part of the trial court. He further makes the self-serving assertion that he would have represented himself if he had known that he could do so.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court found that the Sixth Amendment included the right of self-representation. Due to the dangers and disadvantages of self-representation, the Court held that the record must establish that a defendant “knowingly and intelligently” chose to relinquish the benefits of the right to counsel.
The holding in Faretta does not impose upon the trial court an affirmative duty to inform the defendant of his right to represent himself. See United States v. Martin, 25 F.3d 293 (6th Cir.1994); Munkus v. Furlong, 170 F.3d 980 (10th Cir.1999). See also Brown v. Wainwright, 665 F.2d 607, 611-612 (5th Cir.1982), and Moreno v. Estelle, 717 F.2d 171, 175 (5th Cir.1983).
Additionally, review of the record in the instant case shows that this defendant has zealously exercised his right of self-representation on several occasions, as demonstrated by his many pro se filings. We also observe that the defendant has been represented by numerous privately retained attorneys during the course of these proceedings which have spanned more than five years. The record before us does not indicate that the defendant ever expressed a desire to represent himself. Indeed, after the defendant filed a\upro se notice of appeal, he also filed a pro se “Motion for Appointment of the Louisiana Appellate Project to File the Defendant’s Appeal,” which was granted by the trial court. After the Appellate Project was appointed, private counsel enrolled and the Appellate Project was relieved.
The defendant’s arguments are completely disingenuous and this assignment lacks merit.
*299 ERROR PATENT
Pursuant to La. R.S. 15:529.1(G), a sentence under the Habitual Offender Law is to be imposed without benefit of probation or suspension of sentence. The sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provisions for the underlying offense. State v. Thurman, 46,391 (La.App.2d Cir.6/22/11), 71 So.3d 468, writ denied, 2011-1868 (La.2/3/12), 79 So.3d 1025. Regarding the imposition of a sentence without benefit of parole, the conditions imposed on the sentence are those called for in the sentencing provisions for the underlying felony offense. State v. Bruins, 407 So.2d 685 (La.1981); State v. Thurman, supra. The underlying offense here required that the first five years be served without benefit of parole, probation or suspension of sentence. See La. R.S. 40:967(F)(l)(a) and (G).
The trial court properly ordered that the sentence be imposed without parole for the first five years. Pursuant to La. R.S. 15:529.1(G), the court should have also ordered that the entire sentence be without benefit of probation or suspension of sentence. However, this error does not require corrective action, because the “without-benefits” provisions of the statutes lujare self-activating. La. R.S. 15:301.1; State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. On February 3, 2011, the defendant pled guilty to counts two and three pursuant to a plea agreement whereby he received concurrent sentences of 30 years at hard labor on both counts. The first 15 years of the cocaine charge and the first 10 years of the manufacture charge were to be served without benefit of parole, probation or suspension of sentence. The record indicates that on the same day the defendant also pled guilty to unrelated charges of possession of marijuana, third offense, and possession of a firearm by a convicted felon, for which he received agreed sentences of, respectively, 20 years and 10 years at hard labor. The firearm sentence was ordered to be served without benefit of parole, probation or suspension of sentence. The state agreed to not file multiple offender bills against him on any of these charges. It was further agreed that these sentences would run concurrently with each other and any other sentence. Additionally, the court imposed fines and court costs for these four convictions.

. As discussed infra, the defendant actually pled guilty to possession of Schedule II CDS.

. In the Baker case, the defendant had felony convictions for aggravated battery and possession of stolen things. He was then convicted of possession of a firearm by a convicted felon; the aggravated battery was used as the predicate offense. The defendant was then adjudicated a second felony offender; the felony possession of stolen things was used as the predicate offense. The defendant complained that his habitual offender conviction was an impermissible double enhancement of his conviction as a felon in possession of a firearm. In support-of his position, the defendant cited State v. Sanders, 337 So.2d 1131 (La.1976), and State v. Firmin, 354 So.2d 1355 (La.1978). This court affirmed his adjudication and sentence, finding no impermissible double enhancement where the defendant’s conviction for possession of a firearm by a convicted felon and his habitual offender adjudication were based on two separate underlying felonies. The supreme court granted writs and affirmed. The supreme court held that a sentence imposed for a firearm conviction under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the habitual offender bill of information. In so holding, it specifically overruled the Sanders and Firmin cases.

. In relevant part, La. R.S. 40:967 states now, as it did at the time of the offense in 2008:
F. Other penalties for possession.
(1) Except as otherwise authorized in this Part:
a. Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
[[Image here]]
G. With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person *296 be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.

. The habitual offender statute in effect at the time of the commission of the offense for which the defendant receives an enhanced sentence is the version of the statute that applies. See State v. Parker, 2003-0924 (La.4/14/04), 871 So.2d 317; State v. Spano, 41,032 (La.App.2d Cir.8/1/06), 936 So.2d 304. In 2008, La. R.S. 15:529.1 provided, in relevant part;
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; ...
[[Image here]]
G. Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.

. La. R. S. 15:529.1 provided for a sentence of "not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.”

. In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the supreme court held that a defendant who is seeking to rebut the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional must clearly and convincingly show that he is "exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.”