GARRETT, J. '
hThe defendant, Tamara Amo, pled guilty to one count of armed robbery pursuant to a plea agreement which dismissed three other charges. She was sentenced to 45 years at hard labor without benefit of parole, probation or suspension of sentence. She appeals her sentence as excessive. We affirm the defendant’s conviction and sentence.
*1196 FACTS
On November 26, 2013, the two male victims stopped at a Circle K store in Bossier City to purchase gasoline for the vehicle in which they were traveling. There they encountered the defendant and her male companion, Noel Wayne Smith, who asked them for a ride. The victims agreed. During the ride, the defendant pulled a gun on the victims and demanded their cell phones and the vehicle. Additionally, a substantial amount of cash was taken. While the vehicle was later located and returned to its owner undamaged, neither the cash nor the cell phones were ever recovered.
The defendant and Smith were subsequently arrested and charged with two counts of armed robbery and two counts of conspiracy to commit armed robbery. On May 13, 2014, the defendant pled guilty to one count of armed robbery. Pursuant to a plea agreement, the other three charges were dismissed. The trial court ordered a presentence investigation (PSI) report.
On July 1, 2014, the trial court sentenced the defendant to 45 years at hard labor without benefit of parole, probation or suspension of sentence. On July 29, 2014, the defendant filed a motion to reconsider sentence. The trial court denied the motion on July 31, 2014. The defendant now appeals her sentence as being excessive.
_LLAW
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Shipp, 46,715 (La.App.2d Cir.11/2/11), 78 So.3d 805. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mandigo, 48,801 (La.App.2d Cir.2/26/14), 136 So.3d 292, writ denied, 2014-0630 (La.10/24/14), 151 So.3d 600.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Shipp, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Jackson, 48,534 (La.App.2d Cir.1/15/14), 130 So.3d 993.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Mandigo, supra. On review, an | -¡appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, supra.
Armed robbery is punishable by impris-. onment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B).
*1197 DISCUSSION
The 47-year-old defendant complains that the 45-year sentence imposed on her amounts to a life sentence.[1] While conceding her “significant prior criminal history,” she maintains that the instant offense is her first crime against a person. Additionally, she asserts that no shots were fired and that the factual basis for the guilty plea included no allegation of harm to the complainant. In further mitigation, she offers her history of repeated childhood sexual abuse by a relative and a diagnosis of bipolar disorder for which she has required medication since an early age. .She also has a history of substance abuse. She contends that, at the time of the .instant offense, she had relapsed after a two-year period of sobriety.
As noted by the trial court, the PSI report shows — and the defendant does not dispute — that she is an eighth-felony offender. Her many offenses include convictions for theft, forgery, residential burglary, and drugs (notably, heroin possession). She also has numerous misdemeanor arrests Land convictions,[2] as well as probation violations. As noted by the trial court, she has been in and out of prison for most of her adult life.[3] The trial court correctly characterized her as a career criminal.
We find that the trial court fully complied with La. C. Cr. P. art. 894.1. Before imposing sentence, the trial court carefully reviewed the PSI report. It then weighed the mitigating factors — the defendant’s substance abuse, her mental health history, the letters of support from her family — against the aggravating factors — her extensive criminal history, the benefit she received in the plea agreement which dismissed three other felonies, and the fact that she personally wielded a firearm during the offense — before concluding that a lengthy sentence was warranted. Furthermore, this midrange sentence for a career criminal such as the defendant does not shock the sense of justice.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

.In State v. Sims, 49,682 (La.App.2d Cir.2/27/15), 162 So.3d 595, a 58-year-old defendant made a similar argument, asserting that his 40-year sentence for manslaughter amounted to a de facto life sentence. Finding no error on the part of the trial court, we affirmed that sentence.

. These offenses include prostitution and disorderly conduct.

. Between 1986 and 1998, the defendant averaged at least one felony arrest resulting in a conviction every two years. In 2003, she received a sentence of 153 months in prison for possession with intent.