GARRETT, J.
LThe defendant, Deandre[1] D. Miles, pled guilty to armed robbery. The trial court sentenced him to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appealed, contending that the trial court imposed an excessive sentence. We affirm the defendant’s conviction and sentence.
FACTS
On the night of May 29, 2012, the victim answered a knock at his door in an apartment complex in Shreveport. A masked man armed with a handgun forced his way into the victim’s apartment, threatened to kill the victim, and demanded money. Af *756 ter taking $800 in cash from the victim, the intruder demanded more money, but the victim said he did not have any. (The victim later testified that the money taken was his tax refund.) A violent confrontation ensued. As they struggled over the gun, it discharged. Although the victim ultimately gained control of the weapon, it malfunctioned because his hand was on top of the slide. As a result, the victim sustained an injury to the inside of his hand between his thumb and forefinger, consistent with what is called a “slide bite.” During the struggle, the victim was able to pull the robber’s mask off. The robber produced a can of mace from his pocket and sprayed it in the victim’s eyes. He then fled from the victim’s apartment.
Two of the victim’s neighbors heard the altercation, and one of them observed the struggle over the gun. The police were called, and the victim was taken to the hospital by ambulance. Among the items recovered at the |Pscene by the police were the gun, the projectile, the can of mace, and the camouflage mask worn by the robber. DNA evidence recovered from the mask matched that of the defendant. With this information, the police put together a six-person photo lineup. From this lineup, the victim identified the defendant as the robber who attacked him. An arrest warrant for the defendant was obtained.
In November 2012, the defendant was arrested and charged with armed robbery. In an interview with the police, he admitted being present at the victim’s apartment. However, he claimed that the incident arose out of a failed drug deal wherein his cousin paid for marijuana which the victim then refused to produce. The defendant asserted that he merely accompanied his cousin to the victim’s apartment to try to retrieve the money. He contended that his cousin was carrying a gun, which he threw into the apartment when the victim opened the door. According to the defendant, the cousin then ran away. However, none of the witnesses saw a second assailant, and the police who investigated the incident did not find any drugs at the victim’s apartment.
Jury selection in the defendant’s trial began on July 21, 2014. On July 22, 2014, the defendant pled guilty to armed robbery pursuant to a plea agreement whereby the state dismissed several other pending felony and misdemeanor charges. The following day, a sentencing hearing was held. The 23-year-old victim, who had moved to California after the robbery, traveled back to Louisiana in order to testify at the defendant’s trial. The victim remained for the sentencing hearing and testified on behalf of the lístate. A married father of a young child, the victim was employed as a manager for a telecommunications company. He recounted the horrific chain of events that occurred on the night of the home invasion and robbery. He further described the mental and financial distress the defendant’s crime had caused him and his family and its continuing negative emotional impact. The victim also emphatically denied the defendant’s accusation that he was a drug dealer. The defense called three witnesses — the defendant’s disabled mother, who testified that she needed her son to care for her; a volunteer chaplain at the correctional center where the defendant had been incarcerated since his arrest, who discussed his counseling and weekly visits with the defendant; and the defendant himself, who expressed remorse and detailed the progress he had made during his incarceration by participating in various programs. However, in his testimony, the defendant reiterated his claim that the robbery arose from a failed drug transaction.
*757 After carefully reviewing and evaluating the aggravating and mitigating factors, the trial' court imposed a sentence of 20 years at hard labor without benefits. It ordered that the defendant be given credit for time served and that the sentence be served concurrently with any other sentence that he might be serving. The court also recommended the defendant for any life enrichment or substance abuse program for which he may be legally eligible under the Department of Corrections’ regulations. The defendant filed a motion to reconsider sentence, which was denied. This appeal followed.
J^LAW
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Shipp, 46,715 (La.App.2d Cir.11/2/11), 78 So.3d 805. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mandigo, 48,801 (La.App.2d Cir.2/26/14), 136 So.3d 292, writ denied, 2014-0630 (La.10/24/14), 151 So.3d 600.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dortkey, 623 So.2d 1276 (La.1993); State v. Shipp, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. ' State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Jackson, 48,534 (La.App.2d Cir.1/15/14), 130 So.3d 993.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Mandigo, supra. On review, an | ^appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, supra.
Armed robbery is punishable by imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B).
DISCUSSION
The defendant, who was 24 years old at the time of the offense and 26 years old at the time of sentencing, argues that the 20-year sentence imposed upon him was excessive. He contends that his status as a first felony offender and his participation in several programs in jail mandated a lesser sentence. In particular, he emphasizes his involvement in the Scared Straight program, as well as his participation in anger management and religious programs, as mitigating factors in his favor.
Our review of the record reveals that the trial court fully complied with La. C. Cr. P. art. 894.1. Prior to imposing sentence, it gave lengthy oral reasons in which it discussed the various factors influencing its sentencing decision. The court reasoned that the defendant’s behavioral improvement since his incarceration demonstrated his need for correctional treat *758 ment. Since the state had not filed a firearm enhancement motion under La. C. Cr. P. art. 893.1, the court stated that its decision was guided and informed — but not controlled — by the provision in La. C. Cr. P. art. 893.3 requiring a minimum sentence of 20 years when a firearm is actually discharged during a violent felony, such as the instant armed robbery. | (¡During its articulation of the aggravating factors considered in imposing sentence, the trial court noted the risk of death to multiple persons created by the defendant’s actions in bringing a loaded gun to an apartment complex and the fact that the gun was ultimately fired. As to the defendant’s claim that he perpetrated the instant offense in satisfaction of a drug debt, the court reasoned that was actually an aggravating, not a mitigating, factor because it would be in fulfillment of the already illegal activity of buying drugs.
In mitigation, the trial court considered the hardship the defendant’s incarceration would cause to his family, especially his mother. Although the court was unable to evaluate the sincerity of the defendant’s apology to the victim, it found that the defendant’s remorse was genuine. The court favorably noted the defendant’s actions in obtaining a GED, his participation in classes at the correctional center, and the fact that he was recently employed at the time of the offense. Although the court felt that the defendant was not the least severe offender, it further concluded that he was not the most recalcitrant offender either. Given the defendant’s positive steps in improving himself, the trial court found that no legitimate purpose would be served in imposing a sentence which would effectively incarcerate him for the rest of his adult life. Consequently, from a sentencing range of 10 to 99 years, the court elected to sentence the defendant to only 20 years.
Based upon our review of the record, we find no abuse in the trial court’s imposition of this lower-range sentence. Our sense of justice is not shocked by the imposition of a 20-year sentence upon a defendant who 17committed an armed robbery at an apartment complex while brandishing a loaded firearm which discharged during the offense and who threatened and caused physical harm to the victim.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. We note that the defendant’s first name is spelled several different ways in the appellate record, including De’Andre and De Andre.