GARRETT, J.
hThe defendant', Lasasha S.R. Allen, appeals as excessive her sentence of 25 years at hard labor, to be served concurrently with any other sentence, following her guilty plea to one count of second degree cruelty to a juvenile. We affirm the deferi-dant’s conviction and sentence.
' FACTS '
Allen, who was 23 years old when this offense was" committed, is the mother of five children, including 20-month old A.A.[1] On June 22, 2014, Allen had A.A. and another of her children, who was seven years old, in her car in Franklin Parish. *650 Allen positioned A.A. in the front passenger seat against the door. She drove the car around a curve at a high rate of speed, reached over and opened the door, purposefully causing the child to fall out of the moving vehicle. Allen went back, retrieved the injured child, and took her to Franklin Medical Center.
Franklin Parish Sheriffs deputies were dispatched to the hospital. Allen originally said that the child fell out of the rear passenger window of the car the night before in Monroe, Louisiana, and she took the child to E.A. Conway Medical Center. That facility had no records concerning the child. A.A. suffered a broken arm and numerous abrasions. Surgery was performed, but A.A.’s arm remains paralyzed from the elbow down.[2]
Allen gave officers several inconsistent versions of how the accident occurred. Her seven-year-old child told authorities that the incident took |2place in Franklin Parish, that Allen pushed A.A. out of the moving vehicle, and that Allen told her to lie about what happened.
Ricky Johnson, who was believed by the defendant to be the father of A.A., provided law enforcement officials with text messages from Allen, sent the evening before this incident, stating that the child had fallen out of a vehicle and threatening Johnson and his girlfriend. Allen eventually admitted that she found a sharp curve in the road and put A.A. in the passenger seat, leaning against the door, so she would fall out when Allen opened the door. Allen said she wanted Johnson to be a father to the child.[3] She was also trying to cover up her lie to Johnson that the child had fallen out of a car the previous evening.
At the time of this offense, Allen was already on probation after pleading guilty to aggravated arson, in another act of violence on her part perpetrated against her own children. On February 6, 2011, Allen set her mother’s house on fire while two of Allen’s young children were inside. The children were rescued from the dwelling. Allen was given an eight-year hard labor sentence for that offense, which was suspended, and she was placed on supervised probation for five years.
Although originally arrested for attempted second degree murder, Allen was charged by bill of information with second degree cruelty to juveniles, a violation of La. R.S. 14:93.2.3. Defense counsel filed a motion for a psychiatric examination, which was performed by Dr. Philip L. Scurria |sin October 2014. The motion questioned both Allen’s capacity to proceed and her mental status at the time of the offense. Dr. Scurria found that Allen was competent to proceed. He also determined that, based upon her answers in his interview and the documentation by police, Allen knew right from wrong at the time of the incident. He concluded that the multiple stories Allen told law enforcement officials were aimed at covering up what she had done. Dr. Scurria observed that, during the interview, Allen appeared to be hallucinating. However, he concluded, “There was a very strong flavor of malingering and manipulation in her behaviors.” The trial court ruled that she was competent to proceed.
Allen entered a plea of not guilty and not guilty by reason of insanity. On De *651 cember 18, 2014, she entered into a plea agreement and pled guilty as charged to second degree cruelty to juveniles. Under the terms of the agreement, a sentencing cap of 28 years at hard labor was set.[4] The state agreed to remain silent as to sentencing and waived its right to charge Allen as a habitual offender. The sentence would run concurrently with any other sentence previously imposed and she would receive credit for time served. The state also recommended that Allen receive mental health counseling.
Allen executed a plea agreement form specifying the constitutional rights she waived by pleading guilty. The trial court also engaged in a lengthy guilty plea colloquy with Allen. She was 24 years old and had attended school through the eighth grade. She cpuld read and write and was not on any medication, drug or alcohol that would impair her judgment. |4Allen understood that her probation for the aggravated arson would be revoked. The court noted that Allen was competent to waive her rights and enter the-guilty plea, citing Dr. Scurria’s report and the court’s own observation of the defendant.
Allen was informed of the charge against her and the maximum sentence under the statute, as well as the 28-year sentencing cap in the plea agreement. She was instructed that, by pleading guilty, she waived the right to trial by jury, right of confrontation, and right against compulsory self-incrimination. She was informed that her guilty plea waived her right to seek relief from a higher court as to any legal defects or violations of her constitutional rights, and that, because she was entering a .plea with a sentencing cap, she would not be allowed to appeal or seek review of the length or severity of the sentence. The state presented the factual basis for the plea, and the court found the plea was entered freely and voluntarily. The court ordered a pre-sentence investigation (“PSI”).[5] ■
Allen appeared for sentencing on March 18, 2015. The trial court reviewed thé PSI report and letters written on behalf of Allen. The trial court noted that Allen previously pled guilty to aggravated arson in April 2011. She stipulated to revocation of her probation after she pled guilty to the present offense.
In reviewing the PSI, the court noted that Allen dropped out of eighth grade at the age of 16, when she became pregnant with her' first child. She |swas 24 at the time of the sentencing and had several children. As mitigating factors, the court stated that Allen was mentally competent, but had mental health and substance abuse issues. The court noted that the imposition of a prison sentence would work a hardship on Allen’s children. ■ tr[
As aggravating factors, the trial court noted that Allen had been convicted of. two felonies, both of which were crimes of violence against young, helpless victims. The court observed that the lives of Allen’s own children were placed in danger in both offenses. Allen, was. on probation when she committed the present offense.. In this .matter, she received the, benefit of a plea agreement with a sentencing cap and was not charged as a multiple offender.
*652 The trial court found that, if not incarcerated, Allen was likely to commit another crime; putting children in danger. Allen’s crime involved deliberate cruelty to the 20-month-old victim and resulted in significant permanent injury. Her actions could have easily killed the child. The court stated that Allen was in need of correctional treatment in a custodial environment. According to the court, a lesser sentence would deprecate the seriousness of the offense and Allen was in need of a severe sentence. She was sentenced to serve 25 years at hard labor, with credit for time served, concurrent with her previous sentence on the aggravated arson conviction, The court recommended mental health. counseling and substance abuse treatment. The trial court stated, “You have the right to appeal a portion of the sentence — if you have the right, to appeal a notice of appeal must be filed with the Clerk of Court within thirty days.” Allen was told she had the | (¡right to have an attorney represent her on appeal and, if indigent, the court would appoint one to represent her. Allen was correctly informed of the time delays for filing a post conviction relief application.
Allen filed a motion to reconsider sentence, claiming her sentence was excessive due to her youth, mental status, and remorse. ' She claimed she intended to seek mental health counseling and attend parenting classes. Allen contended she had the support of family and was only a second felony offender. The trial court denied the motion. Allen filed a pro se motion for appeal, which was granted by the trial court. Appellate counsel was appointed to represent the defendant.
EXCESSIVE SENTENCE
Allen argues that the trial court erred in imposing an excessive sentence. This argument is without merit.
Legal Principles
La. C. Cr. P. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek ■review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This provisions applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 1996-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873; State v. Brown, 50,138 (La.App.2d Cir.9/30/15), 181 So.3d 170.
The record shows that Allen was fully advised during her guilty plea hearing that there was a sentencing cap of 28 years and that she would not be entitled to appeal her. sentence. The trial court’s statements to the |7contrary at.the sentencing hearing did not influence her decision to plead guilty or interfere with the enforceable cap. See State v. Wright, 49,882 (La.App.2d Cir.7/8/15), 169 So.3d 835.
Even though under La. C. Cr. P. art. 881.2(A)(2), Allen is not entitled to appellate review, the record clearly shows that her sentence is not excessive.[6] The standards for review of sentences on ap *653 peal are well settled. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P, art. 894.1. There is no requirement that every aggravating or mitigating circumstance must be listed, so long as the record reflects that the trial court adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Miles, 49,889 (La. App.2d Cir.6/24/15), 169 So.3d 755. The important elements which should be considered are the defendant’s personal history (age, family ties, marital , status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation., State v. Miles, supra.
Second, a sentence violates -La. Const. Art. I, § 20, if it is grossly out, of proportion to the seriousness, of the offense or nothing more than a purposeless and needless -infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly | «disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Miles, supra.
Discussion
The trial court properly considered all of the relevant factors in imposing this sen-tencé. It reviewed a PSI report and carefully evaluated the aggravating and mitigating circumstances in this matter, as described above. The maximum sentence for second degree cruelty to juveniles is 40 years at hard labor. Allen’s sentence was capped at 28 years under her plea agreement. The trial court did not impose the máximum under the sentencing cap, but ordered Allen to serve 25 years at hard labor, to be served concurrently with the sentence for aggravated arson. Allen committed another violent offense against a helpless victim, which resulted in significant permanent injury to her child. Her outrageous conduct was intentional and calculated, and it was done in an attempt to cover up a lie she had told the previous night. Coupled with Allen’s previous offense of aggravated arson, in which she set fire to her mother’s house while two of her own children were inside, it is clear that the sentence in this case is not excessive. It is not disproportionate to the severity of the offense and does not shock the sense of justice.[7] The sentence is well tailored to the offender and the offense.
^CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Lasasha S.R. Allen.
' AFFIRMED.

. The victim is referred to by initials, in accordance with La. R.S. 46:1844(W).

. The child had to be taken to LSU Health Sciences Center in Shreveport for treatment.

. According to the trial court, DNA testing showed that Johnson is not A.A.’s biological father. From information contained in the record, Johnson apparently was shown as the father on the child’s birth certificate.

. La. R.S. 14:93.2.3 provides that the .maximum sentence for second degree cruelty to juveniles is 40 years at hard labor.

. On the same date, Allen’s probation on the aggravated arson conviction was revoked, and she was ordered to serve that eight-year sentence. She also pled guilty to a pending misdemeanor charge for resisting an officer by providing false information for another incident. Her six-month sentence in that matter was also run concurrently with any other sentences.

. In State v. Fizer, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243, State v. Martin, 43,243 (La.App.2d Cir.6/4/08), 985 So.2d 1253, and State v. Wright, supra, we found that the defendant was not entitled to an appeal of a sentence as excessive where a guilty plea was entered with a sentencing cap and the defendant was not told that he or she had appellate rights until after the sentence was imposed. However, out of an abundance of caution, we reviewed the sentences for excessiveness. See and compare State v. Pullig, 44,606 (La.App.2d Cir.9/23/09), 22 So.3d 1043; State v. Taylor, 44,205 (La.App.2d Cir.5/13/09), 12 So.3d 482.

. We cannot help but note that Allen’s trial counsel negotiated an extremely favorable plea agreement involving a sentencing cap, no multiple offender charge, and guaranteed concurrent sentences. Assuming that no sentencing cap had been agreed upon, Allen easily could have been sentenced to the maximum sentence allowed by law. Her repeated conduct is, simply put, reprehensible.