Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,002-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOSHUA W. SLACK                             Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 23-CR-033902

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Annette Fuller Roach

CHARLES BLAYLOCK ADAMS                   Counsel for Appellee
District Attorney

RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before STONE, STEPHENS and ROBINSON, JJ.

ROBINSON, J., dissents with written reasons.

**STONE, J.**

This appeal arises from the Forty-Second Judicial District Court, the Honorable Nicholas E. Gasper presiding. The defendant, Joshua W. Slack ("Slack"), was charged by a bill of information with ten counts of pornography involving juveniles, in violation of La. R.S. 14:81.1(A)(1), E(1)(a), and E(5)(a). Slack pled guilty as charged to the ten counts of pornography involving juveniles and was sentenced to 10 years at hard labor on each count to be served consecutively, for a total imprisonment of 100 years. Slack appealed, asserting that his sentence is excessive. For the following reasons, we reverse the sentence of the trial court.

## FACTS AND PROCEDURAL HISTORY

Special agents with the Louisiana Department of Justice Cybercrime Unit received a tip report from the National Center for Missing and Exploited Children ("NCMEC"), regarding a possible possession or distribution of pornography involving juveniles, in violation of La. R.S. 14:81.1. According to the cyber tip, on January 23, 2023, Slack uploaded an image of a prepubescent female with the genitals lewdly displayed to the Bing search engine, in an attempt to search for similar images. The image was then reported to NCMEC as apparent child sexual abuse material ("CSAM"). The internet protocol ("IP") address associated with the upload was in DeSoto Parish. Further investigation revealed that the IP address was that of Slack. Search warrants were executed for Slack's physical addresses.[1] All electronic materials, storage devices, etc., were seized and subsequently

---

[1] A search warrant was executed for Slack at two different addresses within the same trailer park because Slack had, at one time, resided in one trailer that had become damaged due to a storm and then moved to a separate trailer. Accordingly, warrants were executed at both residences.

submitted to the Bossier City Marshal's Cybercrimes Unit for download and more investigation. The investigation discovered over 600 images containing child abuse materials and child erotica, all of which were in the possession of Slack during the times and dates alleged in the bill of information.

On August 30, 2023, Slack was charged by a bill of information with pornography involving juveniles, in violation of La. R.S. 14:81.1 A(1), E(1)(a), and E(5)(a). On October 19, 2023, the state amended the bill of information, adding nine additional counts of pornography involving juveniles, totaling ten counts. On November 28, 2023, Slack plead guilty as charged to the ten counts of pornography involving juveniles, with sentencing left to the District Court. On February 5, 2024, he was sentenced to ten years at hard labor on each count and the sentences were ordered to be served consecutively, for a total imprisonment of 100 years. An oral objection to the sentence was made immediately after the sentence was imposed. Slack did not file a written motion to reconsider his sentence. This appeal followed.

The trial court admittedly had not viewed the images that formed the basis for the charges before the court. Due to the number of images of child erotica and the articles of child sexual material, the trial court did not believe Slack's crime of possessing these images was all part of one common scheme or common act and asserted that 900 images would take some time to accumulate.[2] Accordingly, Slack was sentenced based on what the trial court deemed the seriousness of the crimes, the number of images, and the

---

[2] Slack was in possession of 601 images of child erotica and 322 articles of child sexual abuse materials.

problems that arise by contributing to the demand for the unlawful images. A presentence investigation ("PSI") report was ordered by the trial court that showed Slack was 52 years old and had prior offenses in Oregon for first degree theft and negotiating a bad check occurring more than 3 decades prior to his current arrest. The report showed that Slack had been previously diagnosed with depression and had a rough childhood where he ultimately ran away from his mother's home.[3] Lastly, the PSI noted that Slack had been a chef for 32 years and was on disability.[4]

In his sole assignment of error, Slack asserts that the sentences imposed are excessive, both individually and together, and are not tailored to him and these specific offenses. He further asserts that the sentences imposed are disproportionate to sentences imposed in similar cases and serve no purpose. The trial court concluded that the 601 images of child erotica and the 322 articles of child sexual abuse material found in Slack's possession would take time to build up and thus, were not part of a common scheme. Slack asserted there was no evidence to support that conclusion. Other than the court's conclusion that the crimes were not part of a common scheme, Slack asserts the court gave no other particular justification for the imposition of consecutive sentences. Slack argues that based on his relatively clean record, his current medical issues, his rough childhood, the lack of evidence to suggest he distributed the pornography to others, and

---

[3] Slack suffered mental and physical abuse up to the age of 14. He lived back and forth between foster homes, and his mother and stepfather beginning at the age of five. He ran away at the age of 15 to live with his grandparents. He dropped out of high school in eleventh grade and got his GED when he was 30 years old.

[4] Due to health issues which included osteoarthritis and high blood pressure, Slack was on disability for two years prior to his arrest for the current charges.

especially in light of sentences imposed in other similar or harsher cases, the ten-year consecutive sentences are constitutionally excessive.

## DISCUSSION

The state argues that Slack was actively procuring and consuming copious amounts of child pornography in secret until he was caught, and undoubtedly would have continued if left to his own devices. Additionally, the state argues that Slack was allowed to plead to only ten counts of pornography involving juveniles when he was in possession of over nine hundred images. The sentencing provision for La. R.S. 14:81.1(E)(1)(a) provides:

> "Whoever intentionally possess pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence."

Slack received midrange sentences of ten years at hard labor on each count to which he pled guilty to.[5]

**Excessive sentence**

Generally, an excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 20-00745 (La. 11/19/19) 282 So. 3d 1065. However, when a defendant fails to timely file a motion to reconsider sentence, the appellate

---

[5] Because of the required necessity to have the children forensically aged, the state did not charge Slack with children under the age of 13. Therefore, only La. R.S. 14:81.1E(1)(a) sentencing applies. If he were to have been charged with that, the offense would have carried 10 to 40 years on each charge.

4

court's review of the sentence is limited to a bare minimum claim of constitutional excessiveness. *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/2020), 305 So. 3d 135. Slack, by failing to file a motion to reconsider sentence, has waived his right to have his sentence reviewed for compliance with La. C. Cr. P. art. 894.1. As a result, the sole remaining question in this appeal is whether his sentence exceeds the punishment allowed by the state and federal constitutions. The Eight Amendment of the United States Constitution and Article I § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So. 2d 762 (La. 1979). The appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. To assess a claim that a sentence violates La. Const. art. I §20, the appellate court must determine if the sentence is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey,* 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18) 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate court does not determine whether another sentence may have been more

appropriate, but whether the trial court abused its discretion. *State v. Gaines*, 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52, 417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied,* 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.*, 20-00307 (La. 9.8.20), 301 So. 3d 30, and *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30.

Regarding concurrent and consecutive sentences, La. C. Cr. P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all be served concurrently.

The decision to make sentences consecutive rather than concurrent is within the trial court's discretion. *State v. Farria*, 412 So. 2d 577 (La. 1982); *State v. Moss*, 55,454 (La. App. 2 Cir. 1/10/24), 379 So. 3d 285. When the court makes sentences consecutive, it must state the considerations, which may include the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824, and citations therein.

The sentence in this matter is unconstitutionally excessive. A total sentence of 100 years is out of proportion with the gravity of the offense in

this case.  The trial court stated Slack created a demand and a market for child porn.  However, there was no allegation that Slack distributed any pornography or was involved in the production of any of the material.  We cannot, in good conscience, espouse the view that an offender should get more than twice as much time for looking at pictures of a crime than for committing the crime.  This court is fully cognizant of the tenuous argument the trial court makes:

> … the fact that he is creating a demand, he is part of the awful act and unfortunately there is a market out there.  But the fact that he is creating a demand and a market, only fuels that continued activity.

However, given the global access society has today, that is not as viable an argument as it once may have been.  The images recovered during the investigation indicate that Slack has a preference for very young children.[6] Undoubtedly, Slack is a sick and depraved individual, but there is no evidence that he physically acted out his depravity warranting a life sentence.

**Concurrent and consecutive sentences**

Due to the number of images of child erotica and child sexual images, the trial court did not believe Slack's crime of possessing these images was all part of one common scheme or common act.  As a result, Slack was given consecutive sentences.  We reiterate that it is within the trial court's discretion to order sentences run consecutively rather than concurrently.  In this case, however, we find that the trial court abused its discretion in

---

[6] Court and police records indicate that from Slack's statements that his preference was children in the 8-11 age range.  The ten counts of pornography involving juveniles only specified children under the age of 17.

7

sentencing Slack to consecutive ten-year terms for a total of 100 years. Slack submitted a single image into a search engine to request other similar images. The timeframe in which the images were downloaded was not mentioned as the bill of information says, "on or about April 17, 2023" Slack committed these offenses. We believe the sentences should have been imposed concurrently as Slack possessed all the items constituting all ten counts simultaneously.

## ERRORS PATENT

A review of the record reveals errors patent. First, La. R.S. 14:81.1 (E)(1)(a) requires a mandatory fine of not more than fifty thousand dollars. Second, there is a mandatory restriction of benefits found in La. R.S. 14:81.1 (E)(1)(a) that provides: "whoever intentionally possesses pornography involving juveniles shall be imprisoned at hard labor for not less than five years or more than twenty years, without the benefit of parole, probation, or suspension of sentence." The trial court did not order Slack to pay a fine, nor did it restrict benefits of Slack's sentences as required by law. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). Remand is required for the trial court to correct the sentence to reflect the proper fine and restriction of benefits.

## CONCLUSION

Slacks's sentence of ten years imprisonment at hard labor on ten counts of pornography involving juveniles to run consecutively for a total of one hundred years is **VACATED** and **REMANDED** for resentencing in accordance with the decision herein expressed.

**ROBINSON, J., dissenting.**

I respectfully dissent from the majority opinion. Trial courts have wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. The issue for the reviewing court is whether the trial court abused its discretion, not whether some other sentence may have been more appropriate. *Williams*, *supra*. There must be manifest abuse of the wide sentencing discretion afforded the trial court to sentence within statutory limits. *State v. Mandigo*, 48,801 (La. App. 2 Cir. 2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Gaines*, 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52, 417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied,* 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons*., 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30.

The sentencing range is 5-20 years at hard labor per count. Slack had over 600 pornographic images of children in his possession and pled guilty to 10 counts. The court sentenced Slack to 10 years on each count to run consecutively, based on what it deemed the seriousness of the crimes, the number of images, and the problems that arise by contributing to the demand for the unlawful images. Based on the nature and depravity of the crime, I do

1

not believe the trial court abused its discretion and the sentences should be

affirmed.