LOLLEY, J.
| TThis criminal appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. Defendant, Travis Deon Howard, pled guilty to Second Degree Battery, a violation of La. R.S. 14:34.1, and was sentenced to four years at hard labor. Howard appeals his sentence, which, for the following reasons, we affirm.
FACTS
On May 31, 2007, as Marvin Adams entered the grocery store with his 13-year-old daughter, defendant and two other men made rude comments and taunted her. Adams confronted the men and told them to leave his daughter alone. As Adams left the store, and while placing groceries in his car, he was attacked, knocked down and kicked in the head, rendering him unconscious. The three men, including 20-year-old Howard, were charged with second degree battery. Howard pled guilty, and the trial court ordered a presentenee investigation. On July 29, 2008, Howard was sentenced to four years at hard labor for the instant offense to run consecutive with any other sentence. This appeal ensued.
LAW AND DISCUSSION
The sole issue on appeal is whether the four-year sentence was excessive for this offender and offense given that the maximum for a Second Degree Battery conviction is five years at hard labor. Specifically, Howard argues that the other two men involved in the incident pled to a reduced charge of simple battery and received probation. In addition, Howard asserts that the trial court failed to articulate its reasons when it imposed the sentence.
*731 |j>The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.01/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.03/11/05), 896 So.2d 57 and 2004-2380 (La.06/03/05), 903 So.2d 452.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 |3 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
There is no proportionality guarantee in noncapital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. See State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, fn. 2, writ denied, 1997-0705 (La.09/26/97), 701 So.2d 979, citing Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).
The Louisiana jurisprudence follows the requirement of comparing the same offenses, not merely the same charges. State v. Foley, 456 So.2d 979 (La.1984); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982); State v. Jackson, 30,473 (La.App.2d Cir.05/13/98), 714 So.2d 87, unit denied, 1998-1778 (La.11/06/98), 727 So.2d 444.
Here, Howard argues that the trial court failed to articulate its reasons as required by La. C. Cr. P. art. 894.1(C). We disagree. The trial court noted the unwarranted and severe nature of the attack by the three defendants, including Howard, on a single man. The trial court found that a lesser sentence would deprecate the seriousness of Howard’s actions. The record indicates that the trial court studied closely Howard’s presentence | investigation report. The trial court noted Howard’s previous unsatisfactory completion of a probationary term for theft. After a thorough review, we find the trial court’s reasoning to be satisfactory; nevertheless, the record clearly shows an adequate factual basis for the sentence imposed, and remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. *732 Lanclos, supra. Further, while not on appeal, we note that during the proceeding now on appeal, Howard pled guilty and was sentenced for Misdemeanor Carnal' Knowledge of Juvenile. Considering the codefendants did not share the same history as Howard, we find the disparity argument is without merit.
The victim was merely protecting his little girl from the harassment and unwanted attention by Howard and the other men. Howard’s participation in the battery which resulted in serious bodily injury to Adams is inexcusable. Considering the nature of the assault on the victim, Howard’s history of criminal conduct, and his previous unsatisfactory performance while on probation, the imposition of a four-year hard labor sentence for this outrageous and cowardly act in no manner shocks or offends our sense of justice. While at the higher end, the record does not persuade us that an unconstitutionally excessive sentence has been imposed.
CONCLUSION
For the foregoing reasons, Travis Deon Howard’s conviction and sentence are affirmed.
AFFIRMED.