LOLLEY, J.
11Kevin Ray Fisher was convicted by the First Judicial District Court, Parish of Caddo, State of Louisiana, of one count of armed robbery with a firearm in violation of La. R.S. 14:64 and was sentenced to 23 years’ hard labor without the benefit of probation, parole, or suspension of sentence. Fisher now appeals. For the following reasons, we affirm his conviction and sentence.
FACTS
Fisher was arrested, along with a cocon-spirator, on January 5, 2005, while attempting to rob a McDonald’s restaurant in Shreveport, Louisiana. During an interview by the Shreveport Police Department, Fisher implicated himself in multiple other armed robberies in the area. Although it initially charged Fisher with four counts of armed robbery, the State ultimately filed an amended bill of information charging him with only two counts of armed robbery. Count I charged Fisher with a robbery that took place at a Louisiana Dollar General store in Greenwood, Louisiana. Count II charged Fisher with a robbery that took place at a Dollar General store in Shreveport.
On July 29, 2010, a jury convicted Fisher of both counts of armed robbery and after the requisite delay, the trial court imposed concurrent sentences of 24]é years for each count with an additional 5 years pursuant to the firearm enhancement law, La. R.S. 14:64.3. In total, Fisher received 29/¿ years at hard labor without the benefit of probation, parole, or suspension of sentence. However, upon appeal, Fisher’s conviction for the armed robbery of the Greenwood Dollar General was reversed and his ^sentences vacated, because the State failed to produce sufficient evidence to obtain a conviction. State v. Fisher, 46,997 (La.App.2d Cir.02/29/12), 87 So.3d 189 (“Fisher /”). The matter was remanded for imposition of a new sentence on the remaining count of armed robbery.
On remand, a sentencing hearing was conducted and after reviewing a presen-tence investigation, the trial court imposed a sentence of 18 years’ hard labor without the benefit of probation, parole, or suspension of sentence along with an additional five years pursuant to the mandatory firearm enhancement statute. This appeal followed.
DISCUSSION
As his sole assignment of error, Fisher argues that the sentence imposed by the trial court is excessive, and the trial court failed to articulate a factual basis for the sentence imposed. Fisher insists his sentence was only designed to punish him for exercising his right to go to trial and successfully appealing his conviction and sentences Fisher I. Fisher argues that the lighter sentences received by his eoeon-spirators upon accepting plea deals evidences the trial court’s intent to punish Fisher for exercising his right to trial and appeal. We disagree.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983);s State v. Wash *1282 ington, 46,913 (La.App.2d Cir.02/01/12), 86 So.3d 697, writ denied, 2012-1407 (La.11/21/12), 102 So.3d 54. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Moton, 46,607 (La.App.2d Cir.09/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.03/30/12), 85 So.3d 113.
 Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it |4shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Walls, 47,006 (La.App.2d Cir.02/29/12), 86 So.3d 71.
There is no requirement that code-fendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Howard, 44,180 (La.App.2d Cir.05/13/09), 13 So.3d 729. The disparity of sentences between code-fendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Savoy, 2011-1174 (La.07/02/12), 93 So.3d 1279; Howard, supra.
Louisiana R.S. 14:64(B), discussing the penalty for armed robbery, states:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
Additionally, the mandatory five year enhancement for the use of a firearm set forth in La. R.S. 14:64.3, states in pertinent part:
A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
Here, the trial court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1, and Fisher’s sentence was not excessive. First, the trial court noted that Fisher was only 16 years old when he committed the offense and that he had matured considerably since his last appearance in court, exhibiting a greater understanding and appreciation for the | ¡^consequences of his actions. The trial court further noted that Fisher was not the leader of the group responsible for the armed robbery for which he was convicted. *1283 However, the trial court also stated that the offense for which Fisher was convicted was not likely his only offense and that his involvement was strongly suspected in several other armed robberies, aside from the conviction later reversed in Fisher I. So considering, a review of the record indicates that the trial court provided an adequate factual basis for the sentence imposed.
Second, the sentence imposed by the trial court does not shock the conscience given the aggravating nature of the crime for which Fisher was convicted as well as the other crimes which he confessed to or was suspected of but not charged for. The trial court imposed a sentence only eight years greater than the mandatory minimum sentence of 10 years’ hard labor. The additional five year sentence for the use of a firearm was statutorily imposed and, therefore, is beyond our consideration. That Fisher’s coconspirators received the benefit of a lesser sentence upon accepting a plea deal does not detract from the rectitude of Fisher’s sentence. Furthermore, although none of Fisher’s victims suffered physical harm, they were exposed to an extreme threat of violence and will forever remember the terror he forced upon them. While it is unfortunate that Fisher must serve a great majority of his youth behind bars, his actions were of a very serious nature, the sentence imposed by the trial court reflected the gravity of his actions, and Fisher’s sentence will not be disturbed upon appeal.
1 ^CONCLUSION
For the foregoing reasons, the conviction and sentence of Kevin Ray Fisher are affirmed.
AFFIRMED.