GARRETT, J.
hThe defendant, Latoria Hollins, was originally charged with middle grade felony theft and conspiracy to commit middle grade felony theft. Pursuant to a plea agreement, she pled guilty to middle grade felony theft, and the conspiracy charge was dismissed. The trial court sentenced her to five years at hard labor, with all but six months suspended, and four years on probation. The defendant appealed, contending that her sentence was excessive. We affirm the defendant’s conviction and sentence.
FACTS
On August 6, 2013, the defendant and four accomplices stole merchandise worth approximately $1,260 from the It’s Fashion clothing store in Minden, Louisiana. After entering the store, a male accomplice cut a cable wire holding clothing on a rack. The defendant and three other female accomplices then concealed 57 items of apparel under the clothing they were wearing and left the store. This criminal activity was recorded on the store’s security cameras. Following an investigation, the defendant and her accomplices were identified, arrested, and charged with middle grade felony theft and conspiracy to commit middle grade felony theft.[1]
On June 30, 2014, the defendant pled guilty to middle grade felony theft. Pursuant to the plea agreement, the state dismissed the conspiracy charge and the trial court ordered a presentence investigation (PSI) report.
On August 4, 2014, the trial court sentenced the defendant. It imposed the maximum sentence of five years at hard labor, but suspended [2all but six months of that sentence. The defendant was ordered to complete a four-year period of supervised probation following her release from incarceration. The court further ordered that the defendant and her co-defendants pay restitution in solido in the amount of $1,260; it directed that restitution be paid within one year of her release from incarceration. Additionally, during that same one-year period, she was ordered to pay a fine of $750, plus court costs, or, in lieu of payment, serve 60 days in jail. Among the other conditions of probation, the defendant was further ordered to complete a shoplifting prevention class; abstain from alcohol or illegal drugs; submit to and pay for random alcohol and drug screens; and obtain her GED during the first year of probation.
The defendant’s motion to reconsider sentence was denied. This appeal followed.
LAW
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Shipp, 46,715 (La.App.2d Cir.11/2/11), 78 So.3d 805. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal histo *713 ry, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mandigo, 48,801 (La.App.2d Cir.2/26/14), 136 So.3d 292, writ denied, 2014-0630 (La.10/24/14), 151 So.3d 600. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jackson, 48,534 (La.App.2d Cir.1/15/14), 130 So.3d 993.
Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Mandigo, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Jackson, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Mandigo, supra. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, supra.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Benson, 43,150 (La.App.2d Cir.2/27/08), 978 So.2d 491, writ denied, 2008-0814 (La.10/24/08), 992 So.2d 1039.
There is no requirement that co-defendants be treated equally by the sentencing judge. State v. Howard, 44,180 (La.App.2d Cir.5/13/09), 13 So.3d 729. The disparity of sentences between co-defendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Fisher, 48,-220 (La.App.2d Cir.6/26/13), 117 So.3d 1279.
At the time of the offense, La.R.S. 14:67(B)(2) provided:
When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be-imprisoned, with or without hard labor, for not more than five years, or may be -fined not more than two thousand dollars; or both.
DISCUSSION
The defendant argues that her five-year sentence — which imposed six months of incarceration, to be followed by four years of supervised probation — is unconstitutionally excessive. She contends that this sentence fails to provide her with an opportunity to be rehabilitated. She further maintains that the sentence of incarceration makes no measurable contribution to acceptable goals of punishment and amounts to nothing more than purposeful imposition of pain and suffering. . In support of her argument, she asserts the following: all of her co-defendants received probated sentences; she is a first felony offender; she' is the child of drug addicts who gave up custody of her; she was physically and sexually abused | sas a child; she does not have a high school diploma; and she has four children who need her support. -
Before imposing sentence, the trial court reviewed the information provided in the PSI report. Although the defendant was classified as a first felony offender, her *714 criminal history demonstrated that, beginning in 1999, she had numerous arrests and convictions for a variety of misdemeanors. These charges included receiving stolen things and trespassing. Most revealing was the fact that, since 2010, the defendant had six arrests and four convictions for theft.
The trial court also considered the defendant’s social history. At the time of the instant offense, she was 32 years old. She and her five siblings were raised by their grandmother. Never married, she had four children, ranging in age from 17 to 11 years old. She received $200 per month in child support for two of the children. She completed the 11th grade; however, her efforts to obtain a GED have been unsuccessful. According to her employment history, the defendant has held several jobs. She quit her most recent job with an adult sitting service because she “just couldn’t handle it.” The defendant was quoted in the PSI report as stating that she had quit “every single thing” she had ever done in her life.
Our review of the record discloses no abuse of the trial court’s discretion. The sentence imposed was within the statutory limits. The trial court carefully considered the aggravating and mitigating factors presented | fiin this case. After determining that a period of incarceration was warranted for this defendant, it tailored her sentence accordingly.[2]
The information found in the record, particularly the defendant’s criminal history, supports this conclusion. Although the defendant was a first felony offender, she had an extensive criminal history. As previously noted, she had a substantial history of theft arrests and convictions. Between 2010 and the instant offense in 2013, the defendant was arrested for theft six times; she pled guilty to four of those charges, including the instant offense. The record indicates that, following the first three convictions, where the defendant was only ordered to pay fines, she brazenly continued stealing. Obviously, the leniency shown to the defendant in those cases did nothing to abate her criminal conduct. Furthermore, the instant offense — which involved the cutting of security cables, which are generally placed on more expensive merchandise — demonstrated a purposeful and insidious plan calculated to maximize the value of the items stolen by the thieves and the corresponding loss suffered by the store. Consequently, our sense of justice is not shocked by the trial court’s imposition of a six-month period of incarceration as part of the defendant’s five-year sentence.
This assignment is without merit.
^CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The record indicates that they were identified as a result of Minden police officers having contact with them at a Wal-Mart in relation to a reported theft on the same date as the instant offense.

. The minutes contained in the appellate rec"ord reveal that tire same judge also sentenced all four of her co-defendants. Three of them received probated sentences. However, the sentence of co-defendant Jeronica Wroten included 60 days in jail, beginning on the date of sentencing with no credit for time served.