Judgment rendered December 15, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,174-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                     Appellee

versus

ADRIAN LAMAR DAVIS                     Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 230,892

Honorable Michael Owens Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Bruce G. Whittaker

ADRIAN LAMAR DAVIS                    Pro Se

JOHN SCHUYLER MARVIN                  Counsel for Appellee
District Attorney

JOHN MICHAEL LAWRENCE
ALEXANDRA AIELLO
Assistant District Attorneys

* * * * *

Before GARRETT, COX, and HUNTER, JJ.

**COX, J.**

This criminal appeal arises from the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana. Defendant, Adrian Davis ("Davis"), appeals his sentence of two years at hard labor after his conviction for possession of a Schedule II Controlled Dangerous Substance ("CDS"), methamphetamine, in violation of La. R.S. 40:967(C) and possession of a Schedule IV CDS, Zolpidem, in violation of La. R.S. 40:969(C)(2) as excessive. His attorney has filed an *Anders* brief and motion to withdraw alleging that he could find no nonfrivolous issues to raise on appeal. For the following reasons, we affirm Davis' conviction and sentence and grant appellate counsel's motion to withdraw.

## FACTS

The record in this case provides that on or about February 22, 2019, Davis was a passenger in a vehicle that was stopped for a traffic violation. During the stop, the officer reported smelling a strong odor of marijuana from the driver. After obtaining consent to search the vehicle, the officer noticed that Davis was chewing something, which the officer believed to be narcotics. After searching Davis, the officer discovered two Zolpidem pills in Davis' pocket. Davis was then transported to LSU for observation. On March 20, 2019, Davis was charged by bill of information with one count of possession of a Schedule II CDS, methamphetamine,[1] and one count of possession of a Schedule IV CDS, Zolpidem (Ambien).

---

[1] The record is void of any facts regarding the alleged possession of the methamphetamine charge.

On April 9, 2019, Davis was arraigned and entered a plea of not guilty. On January 21, 2021, Davis withdrew his former plea and entered a plea of guilty for possession of a Schedule IV CDS. Sentencing was to be set by the trial court and it was agreed that the State would enter a *nol-pros* as to the remaining matters based on that plea. The case was continued with the trial court requesting a presentence investigation ("PSI") report before sentencing. On March 30, 2021, the trial court verbally reviewed Davis' PSI[2] and sentenced Davis to two years at hard labor. Because Davis was a third felony offender and appeared to struggle with substance abuse, the trial court explained that a lesser sentence would deprecate the seriousness of the progression of Davis' offenses.

The trial court then recommended that Davis be placed in the Steven Hoyle Substance Abuse Program primarily because Davis' criminal history involved drug charges only and that Davis expressed that he worked and had previously signed up for mental health classes with Community Health Care Solutions. The trial court stated that if Davis completed the Steven Hoyle Substance Abuse program, which would take approximately nine months, then Davis would not have to serve the remainder of his sentence.

---

[2] The trial court reviewed Davis' PSI as follows: 1) March 2007: Davis was charged with possession with the intent to distribute a Schedule I, CDS but the matter was pled down to simple possession; 2) December 2009: Davis was charged with and pled guilty to vehicular homicide and sentenced to seven years at hard labor; 3) August 2013: Davis was charged with and pled guilty to obtaining a CDS by fraud and sentenced to five years at hard labor; 4) May 2017: Davis was charged with and pled guilty to possession with intent to distribute a Schedule I CDS, specifically, marijuana. The matter was reduced and Davis pled guilty to paraphernalia and paid a fine and court costs; 5) April 2018: Davis was charged with operating a vehicle while intoxicated.

Thereafter, counsel for Davis lodged an objection for the record. On April 6, 2021, a motion to reconsider sentence was filed and subsequently denied two days later. This appeal followed.

## DISCUSSION

On appeal, counsel for Davis filed an *Anders* brief and motion to withdraw, advising that after a conscientious and thorough review of the trial record, he could find no nonfrivolous issues to raise on appeal. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; *and State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). In brief, counsel outlined the procedural history of the case and Davis' plea agreement; he also provided a "detailed and reviewable assessment" of whether the appeal is worth pursuing. *State v. Jyles*, *supra*.

Specifically, counsel argues that Davis knowingly, freely, and voluntarily entered a guilty plea for possession of a Schedule IV CDS. Counsel notes that during the plea colloquy, Davis informed the court that, at the time of his guilty plea, he was 33 years old, had a high school education, could read, write, and understand English. Importantly, Davis stated that he was not under the influence of drugs or alcohol and had not been coerced into entering his guilty plea.

Moreover, counsel notes that Davis was informed of his right to a trial before either a jury or the judge, indicated that he understood his rights of confrontation and to present a defense, and understood his right to remain silent. Davis further acknowledged his previous convictions, and indicated that he pled guilty because he was in fact guilty. Finally, counsel asserts that Davis stated in court that he understood his rights, the charge against him,

3

and the maximum and minimum sentence he could be subject to in exchange for the plea. Accordingly, counsel asserts that Davis' plea was not constitutionally infirm. Likewise, the State, in lieu of filing a brief, responded that counsel for Davis correctly asserted that this case presents no nonfrivolous issues for appellate review.

After an independent review of the record, we find that counsel's brief adequately reviews the procedural history of the case and provides a detailed assessment of whether there are any nonfrivolous issues, thereby satisfying the requirements of *Jyles*, *supra*.

*Excessive Sentence*

Counsel argues that Davis' sentence was not excessive, primarily because he was exposed to a maximum sentence of five years at hard labor and Davis, despite being a third felony offender, was only sentenced to two years at hard labor. Counsel notes that no promises were made regarding sentencing other than the trial court's consideration of Davis' PSI. Counsel further notes that although the sentence imposed was not as favorable as Davis hoped, it was within and on the lower end of the statutory range allowed by law and in compliance with the plea agreement.

Appellate review of sentences for excessiveness is a two-prong inquiry. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Mandigo*, 48,801 (La. App. 2 Cir. 2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the

4

sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Hollins*, 50,069 (La. App. 2 Cir. 8/12/15), 174 So. 3d 710.

A trial court maintains wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of such discretion, a sentence will not be set aside as excessive. Upon review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Davis*, 50, 149 (La. App. 2 Cir. 11/18/15), 181 So. 3d 200; *State v. Weaver*, *supra*. La. R.S. 40:969(C)(2) provides, in pertinent part:

> C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule IV unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, or as provided in R.S. 40:978, while acting in the course of his professional practice or except as otherwise authorized by this Part. Any person who violates this Subsection with respect to:
> . . .
> (2) Any other controlled dangerous substance shall be imprisoned with or without hard labor for not less than one year nor more than five years and, in addition, may be required to pay a fine of not more than five thousand dollars.

The record in this case reflects that the sentencing court appropriately sentenced Davis; his sentence is neither illegal, nor grossly disproportionate to the severity of the offense. Notably, the trial court only imposed a sentence of two years at hard labor although Davis was exposed to a maximum sentence of five years at hard labor. Further, the State opted not pursue a multiple offender bill against Davis and dismissed his second felony count. Although Davis maintained the right to appeal his sentence because there was no agreement as to his sentence, Davis nevertheless benefited significantly and his two-year sentence at hard labor does not

5

shock the sense of justice and is not grossly disproportionate to the seriousness of the offense.

## CONCLUSION

For the foregoing reasons, Davis' conviction and sentence are affirmed and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**